UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

BRET S. DIBATTISTA,

                         Debtor.

-----------------------------------------------------------X

THE LAW OFFICE OF FRANCIS J. O'REILLY,
ESQ.,

                         Appellant,

v.

SILENE FINANCE L.P.,

                         Appellee.

-----------------------------------------------------------X

**MEMORANDUM OPINION
AND ORDER**

No. 20-cv-04620 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Before the Court is the appeal filed by the debtor's counsel, The Law Office of Francis J. O'Reilly, Esq. ("Appellant"), from the Bankruptcy Court's May 13, 2020 "Order on Motions for Award of Appellate Counsel Fees" which denied Appellant's request for legal fees incurred in connection with an appeal previously taken to the District Court. (Doc. 1; Bankr. Doc. 52 (the "May 13 Order")).[1] For reasons that follow, the May 13 Order is AFFIRMED.

---

[1] References to "Bankr. Doc." refer to documents filed in the underlying action pending in the United States Bankruptcy Court for the Southern District of New York under docket number 09-36978 before Chief Judge Cecilia G. Morris. References to "Doc." refer to documents filed on this Court's docket.

## BACKGROUND

On July 24, 2009, Bret S. DiBattista ("DiBattista") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. 6-1, "Appellant's App." at 1-43).[2] On October 18, 2009, the Bankruptcy Court entered an order of discharge (the "Discharge Order") releasing DiBattista from all of his dischargeable debts. (Bankr. Doc. 12). Almost a decade later, on February 14, 2019, DiBattista filed a motion to reopen the bankruptcy proceedings alleging that Selene Finance, L.P. ("Selene" or "Appellee") had violated the Discharge Order by repeatedly seeking to collect a debt discharged by the Discharge Order. (Bankr. Doc. 15). Appellant was retained to represent DiBattista. The Bankruptcy Court reopened the bankruptcy proceeding on April 2, 2019. (Bankr. Doc. 17). On June 14, 2019, DiBattista filed a motion for contempt against Selene for its violation of the Discharge Order. (Bankr. Doc. 19). On July 23, 2019, the Bankruptcy Court found that Selene had "repeatedly and willfully violated [the] discharge order in an attempt to collect a discharged debt." (Bankr. Doc. 30, the "July 23 Order"). The Court sanctioned Selene in the amount of $26,546.60, which included $17,500 in "punitive damages" and $9,046.60 in legal fees. (*Id*.).

Thereafter, Selene appealed the July 23 Order to this Court and the appeal was assigned to Judge Seibel (the "First Appeal"). (Appellant's App. at 60-79); *In re DiBattista*, 615 B.R. 31 (S.D.N.Y. 2020). On April 9, 2020, Judge Seibel affirmed in part and vacated and remanded in part the July 23 Order. *In re DiBattista*, 615 B.R. at 34. Specifically, Judge Seibel affirmed the portion of the July 23 Order which held that Selene had violated the Discharge Order. *Id*. at 40 ("[T]he Bankruptcy Court did not clearly err by finding that Selene violated the discharge order.")).

---

[2] Appellant attaches an appendix to its opening brief, which, because of its size, was filed as two exhibits. (Docs. 6-1, 6-2.) The appendix, however, is consecutively paginated across both exhibits so it is cited herein as if it were a single appendix, referred to as "Appellant's App."

Judge Seibel vacated the portion of the July 23 Order which imposed punitive damages. Judge Seibel held that because it is "not . . . clear . . . whether a Bankruptcy Court has the authority to impose punitive sanctions for contempt," she remanded the matter so that the Bankruptcy Court could "clarify whether it is imposing actual damages, punitive damages or both, and how the calculation was reached." (*Id.* at 43-44).

Thus, the case was remanded to the Bankruptcy Court "for the *sole purpose* of reconsidering damages (*apart from the $9,046.60 representing reasonable legal fees and expenses*)." (*Id.* at 44 (emphasis added)). Judge Seibel made clear that the remand order did not alter the Bankruptcy Court's damages award regarding attorney's fees incurred before the Bankruptcy Court in the amount of $9,046.60. (*Id.* at 45 ("The Bankruptcy Court's finding of contempt is affirmed, as is its imposition of sanctions for fees and expenses in the amount of $9,046.60.")). On remand, the Bankruptcy Court clarified that the $17,500 in sanctions was a compensatory damages award and awarded such damages to DiBattista. (Bankr. Doc. 44).

On April 14, 2020, Appellant filed two applications in the Bankruptcy Court for an award of counsel fees, totaling $28,215, related to its defense of the First Appeal before Judge Seibel. (Bankr. Docs. 43, 45). Selene filed a brief in opposition to Appellant's application on May 5, 2020 (Bankr. Doc. 48), and, on May 7, 2020, Appellant filed its reply brief (Bankr. Doc. 49). On May 12, 2020, the Bankruptcy Court issued an oral ruling which denied Appellant's fee application. (Appellant's App. at 131-38). Chief Judge Morris held, in relevant part:

> Appeal is a legal avenue for any losing party to pursue, and it's not a violation of the discharge order. And a party is not in contempt for choosing to take an appeal. If you wanted fees, you needed to ask Judge Seibel for fees for that proceeding. So I am going to deny your motion.

3

(*Id.* at 138). On May 13, 2020, the Bankruptcy Court issued the May 13 Order memorializing its May 12, 2020 oral ruling, which forms the basis of the instant appeal. (Bankr. Doc. 52).[3]

## STANDARD OF REVIEW

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court. On appeal, a bankruptcy court's findings of fact are reviewed for clear error, conclusions of law are reviewed *de novo*, and a "decision to award costs, attorney's fees, and damages for abuse of discretion." *In re Bayshore Wire Prod. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) (citing *Susman v. Schmid (In re Reid)*, 854 F.2d 156, 159 (7th Cir. 1988)); *see also In re Smart World Techs., LLC*, 383 B.R. 869, 873 (S.D.N.Y. 2008), *aff'd*, 552 F.3d 228 (2d Cir. 2009). "The bankruptcy court 'necessarily abuse[s] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010) (quoting *In re Highgate Equities, Ltd.*, 279 F.3d 148, 151 (2d Cir. 2002)); *see also  In re Bernard L. Madoff Inv. Sec., LLC*, 605 B.R. 570, 582 (S.D.N.Y. 2019), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, No. 19-2988, 2020 WL 5902581 (2d Cir. Oct. 6, 2020) ("[A] bankruptcy court abuses its discretion if it rests its conclusion on clearly erroneous factual findings or an incorrect legal standard." (quoting *In re Avaya Inc.*, 602 B.R. 445, 453 (S.D.N.Y. 2019))).

## ANALYSIS

The question this Court must address is whether the Bankruptcy Court's decision to deny Appellant's fee application related to its defense of the First Appeal constituted an abuse of discretion. A bankruptcy court's authority to grant attorney's fees related to the filing of a motion for contempt for violation of a discharge order before it can be found in two sections of the

---

[3] Appellant also moved the Bankruptcy Court for reconsideration of the May 13 Order on May 17, 2020. (Bankr. Doc. 53). Chief Judge Morris denied Appellant's motion. (Bankr. Doc. 57).

Bankruptcy Code. Section 524 provides that "a discharge order 'operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset' a discharged debt." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) (citing 11 U.S.C. § 524(a)(2)). Section 105 provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id.* (citing 11 U.S.C. § 105(a)). "These two provisions together 'authorize a court to impose civil contempt sanctions when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order.'" *In re DiBattista*, 615 B.R. at 38 (citing *Taggart*, 139 S. Ct. at 1801). Attorney's fees are a form of contempt sanctions that may be imposed, in the bankruptcy court's discretion, pursuant to § 105. *See id.*

Here, Chief Judge Morris imposed contempt sanctions related to Selene's willful violation of the Discharge Order which included attorney's fees (and compensatory damages). (Bankr. Docs. 30, 44). Appellant does not challenge that sanctions award. Rather, Appellant challenges the denial of its subsequent application for attorney's fees related solely to its defense of the First Appeal before Judge Seibel. The Bankruptcy Court offered two reasons as to why Appellant's subsequent fee application was denied: (1) the "[a]ppeal is a legal avenue for any losing party to pursue, and it's not a violation of the discharge order" and (2) if Appellant wanted fees it "needed to ask Judge Seibel for fees for that proceeding." (Appellant's App. at 138).

Appellant, relying on *Weitzman v. Stein*, 98 F.3d 717 (2d Cir. 1996), argues that the Bankruptcy Court's decision was an abuse of discretion because the Court ignored "binding precedent." (Appellant Br. at 9). According to Appellant, *Weitzman* requires that the Bankruptcy Court "articulate persuasive grounds for the denial of all compensation concerning the successful defense of the appeal of [a] [c]ontempt [o]rder" when there is a finding of "willful contempt."

5

(*Id*.). Appellant avers that the Bankruptcy Court did not comply with this mandate and that "it was an abuse of discretion when the [bankruptcy] court failed to follow *Weitzman* and it failed to award any counsel fees to the Appellant for the successful defense of the appeal of the Contempt Order." (*Id*.).

Appellee asserts that "while bankruptcy courts have discretionary authority to award fees at the trial level under § 105(a) they do not necessarily have that authority on appeal" and that the facts of *Weitzman* are "clearly inapposite to the facts herein." (Appellee Br. at 8, 13).

A brief exploration of the *Weitzman* decision is necessary in order to resolve Appellant's argument that Chief Judge Morris failed to follow the *Weitzman* mandate; and to recognize the distinction in authority between a district court judge dealing with a civil contemnor and a bankruptcy judge dealing with an individual willfully ignoring a discharge order. The plaintiff in *Weitzman* obtained a civil judgment from the district court against the defendant and assigned it to his wife. *Weitzman*, 98 F.3d at 718. Plaintiff's wife, to enforce the judgment, obtained an order to seize a car belonging to defendant. *Id.* The order included an injunction prohibiting defendant or his representatives from interfering with the seizure and subsequent sale of defendant's car. *Id.* Nonetheless, defendant's attorney interfered with the sale of the car by claiming that the car did not belong to the judgment debtor. *Id.* The district court held defendant's attorney in contempt but found that the contempt was not willful. *Id*. at 719. Plaintiff appealed the decision and the Second Circuit reversed the district court's finding that the contempt was not willful. *Id*. The Second Circuit also vacated the portion of the district court's order that denied plaintiff damages and instructed the district court to make "a specific finding with respect to the amount of damages." *Weitzman v. Stein*, 891 F. Supp. 927, 930 (S.D.N.Y. 1995), *aff'd in part, rev'd in part*, 98 F.3d 717 (2d Cir. 1996). On remand, the district court determined that plaintiff should be

compensated for costs incurred in prosecuting the contempt order in the district court but denied plaintiff's request for costs incurred in the course of the appeal to the Second Circuit. *Weitzman*, 98 F.3d at 719. Plaintiff appealed that decision and asked the Second Circuit to award additional attorney's fees related to expenses incurred in the process of the first and second appeals. *Id.*

The Second Circuit found that "a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt." *Id*. The court held that the plaintiff was entitled to reasonable attorney's fees incurred in the process of the first and second appeals. *Id.* at 720-21.

*Weitzman* is both unavailing and distinguishable because its rule, even assuming it was controlling here, was applied by Chief Judge Morris; and because it involved the authority of a district court judge and not a bankruptcy judge. The *Weitzman* analogy is thus inappropriate. Here, Selene's violation of the Discharge Order was found by the Bankruptcy Court to be willful. (July 23 Order at 1 ("[T]he Court having found and concluded that Selene repeatedly and willfully violated [the] discharge order in an attempt to collect a discharged debt . . .")). This finding was neither challenged nor altered when Selene appealed the July 23 Order to the District Court. However, a finding of willfulness does not automatically confer upon Appellant the right to attorney's fees related to its defense of the First Appeal. *Weitzman* was clear on this point. *See Weitzman* 98 F.3d at 719 ("[T]o survive review in this court, a district court, having found willful contempt, *would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt*." (emphasis added)).

The Bankruptcy Court found, *inter alia*, that Appellant's application for attorney's fees must be denied because if Appellant wanted fees related to the First Appeal it "needed to ask Judge Seibel for fees for that proceeding." (Appellant's App. at 138). The Bankruptcy Court's finding is

a persuasive ground for denial of Appellant's fee application and thus the Bankruptcy Court's decision did not run afoul of the Second Circuit's mandate in *Weitzman*. Rather, it is the conclusion of this Court that Chief Judge Morris actually complied with the *Weitzman* mandate.

Separately, and more to the point, there is abundant authority to support the Bankruptcy Court's finding that Appellant's request for attorney's fees related to its defense of the First Appeal needed to have been made to the district court because a bankruptcy court lacks authority to award fees related to an appeal. *See In re Williams*, 224 B.R. 523, 532 (B.A.P. 2d Cir. 1998) (finding that Section 523 of the bankruptcy Code "does not authorize the Bankruptcy Court to award attorneys' fees for appellate representation."); *Allen-Main Assocs., Ltd. P'ship*, 229 B.R. 577, 578 (Bankr. D. Conn. 1999) (holding that "a bankruptcy court does not have statutory authority to award attorney's fees and costs incurred in an appeal from the bankruptcy court."); *see also, e.g., In re Wallace*, No. 10-24125, 2014 WL 5438826, at *3 (B.A.P. 9th Cir. Oct. 28, 2014) ("[B]ankruptcy courts have discretionary authority to award fees at the trial level under § 105(a) and not on appeal."); *In re Lapides*, No. 11-04227, 2016 WL 93527, at *3 (Bankr. D. Minn. Jan. 7, 2016) ("The only authority for awarding fees on appeal belongs to the appellate courts."); *In re Clay*, 334 B.R. 623, 626 (Bankr. C.D. Ill. 2005) (finding bankruptcy court did not have authority to award appellate fees related to services performed on appeal). A bankruptcy judge has simply not been empowered by Congress to award legal fees incurred in connection with an appeal to the district court. Whereas, in a civil contempt context, a district court judge can, and following the mandate of *Weitzman* should, consider attorney's fees incurred in connection with an appeal to the Second Circuit involving willful contempt.

The aforementioned bankruptcy decisions by bankruptcy judges and Bankruptcy Appellate Panels[4] provide more than ample authority to recognize that a bankruptcy court simply does not have authority to award attorney's fees related to the defense of an appeal. Such authority rests exclusively within the appellate court, whether the district court or the Bankruptcy Appellate Panel. Federal Rule of Appellate Procedure 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Federal Rule of Bankruptcy Procedure 8020 mimics the language of Rule 38 and provides: "If the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Thus, a district court may award attorney's fees related to the appeal of a bankruptcy order if (1) the appellate court determines the appeal is frivolous and (2) the party seeking fees makes a separately filed motion or notice to the appellate court. Here, Appellant made no such application to the District Court and, in any event, the First Appeal clearly was not frivolous.[5] In fact, the District Court reversed and remanded in part the July 23 Order, which demonstrates unequivocally that the First Appeal had merit. Accordingly, the Bankruptcy Court did not abuse its discretion in denying Appellant's fee application. Appellant had an opportunity

---

[4] The Second Circuit's Bankruptcy Appellate Panel service was terminated by Order of the Judicial Council of the Second Circuit on June 30, 2000. *2670 W. Ridge Rd., LLC v. Real Estate Asset Purchase Corp.*, No. 10-CV-6095, 2010 WL 3516584, at *2 n.4 (W.D.N.Y. Sept. 3, 2010). Thus, there is no Bankruptcy Appellate Panel in the Second Circuit and all appeals from the bankruptcy court come to the district court for adjudication.

[5] Appellant concedes that the First Appeal was not frivolous. (Appellant Br. at 25 ("Selene's appeal was not frivolous.")). Appellant then suggests that the Rules cited previously herein—Federal Rule of Appellate Procedure 38 and Federal Rule of Bankruptcy Procedure 8020—therefore do not provide jurisdiction for a district court to grant legal fees in the absence of a finding that the appeal was frivolous. (*Id*.). Appellant is correct. This argument, however, in no way suggests that the Bankruptcy Court erred in failing to award attorney's fees for a non-frivolous appeal.

to seek fees related to its defense of the First Appeal from Judge Seibel at the time Selene appealed the July 23 Order. Appellant did not take advantage of this opportunity and its subsequent fee application to the Bankruptcy Court was improper.

Because Appellant's fee application related to its defense of the First Appeal must have been made to the District Court, Chief Judge Morris's denial of the fee application was proper and certainly not an abuse of discretion. Accordingly, the May 13 Order is affirmed.

## **CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's Order is AFFIRMED. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED:**

Dated: New York, New York
November 25, 2020

_____
Philip M. Halpern
United States District Judge